**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| GEORGE J.R., Sr. | : | CIVIL ACTION |
| Plaintiff | : | |
| v. | : | |
| | : | |
| FRANK BISIGNANO, | : | |
| Commissioner of the Social Security | : | |
| Administration, | : | |
| Defendant | : | NO.  25-3048 |

**<u>MEMORANDUM</u>**

CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE                    March 13, 2026

George J.R., Sr. ("Plaintiff") seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the

final decision of the Commissioner of the Social Security Administration ("the Commissioner"),

denying his claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income

("SSI") under Titles II and XVI of the Social Security Act.  Plaintiff has filed a brief in support of

his request for review, the Commissioner has responded to it, and Plaintiff has filed a reply.  For

the reasons set forth below, Plaintiff's request for review is granted and the case remanded to the

Commissioner.

**I.      PROCEDURAL HISTORY**[1]

On February 27, 2015, Plaintiff applied for DIB and SSI, alleging that his disability

commenced on June 2, 2014.  Pl. Br. at 1.  Thereafter, this case developed a lengthy procedural

history, involving three district court remands; the last remand occurred on November 23, 2023.

*Id.* at 1-3.  In the interim, Plaintiff filed a new disability claim, on October 11, 2018, resulting in

the Commissioner's determination that he was disabled, as of March 11, 2019.  *Id.* at 2.  Hence,

---

[1] The court has reviewed and considered the following documents in analyzing this case:  Plaintiff's Brief and Statement of Issues in Support of  Request for Review ("Pl. Br."), the Defendant's Response to Request for Review of Plaintiff ("Resp."), Plaintiff's Reply Brief ("Reply"), and the administrative record.  ("R.").

this case involves a closed period of alleged disability, from June 2, 2014 to March 10, 2019.

On February 2, 2025, Plaintiff appeared for a telephonic hearing, before Eric Borda, Administrative Law Judge ("the ALJ"); Plaintiff, represented by an attorney and vocational expert Gary Young, ("the VE"), testified at the hearing.  R. 2455-64.  On February 19, 2025, the ALJ, using the sequential evaluation process ("SEP") for disability,[2] issued an unfavorable decision.  R. 2422-2440.  It is this decision for which Plaintiff presently seeks judicial review; the parties have consented to this court's jurisdiction, pursuant to 28 U.S.C. § 636(c)(1).

## II.     FACTUAL BACKGROUND

A.     Personal History

Plaintiff, born on March 12, 1969, R. 2439, was 45-49 years old during the relevant period of June 2, 2014 to March 10, 2019.  He completed high school, R. 2458, and has no past relevant work.  R. 2439.

---

[2] The Social Security Regulations provide the following five-step sequential evaluation for determining whether an adult claimant is disabled:

> 1.  If the claimant is working, doing substantial gainful activity, a finding of not disabled is directed.  Otherwise proceed to Step 2.  *See* 20 C.F.R. §§ 404.1520(b), 416.920(b).

> 2.  If the claimant is found not to have a severe impairment which significantly limits his physical or mental ability to do basic work activity, a finding of not disabled is directed.  Otherwise proceed to Step 3.  *See* 20 C.F.R. §§ 404.1520(c), 416.920(c).

> 3.  If the claimant's impairment meets or equals criteria for a listed impairment or impairments in Appendix 1 of Subpart P of Part 404 of 20 C.F.R., a finding of disabled is directed.  Otherwise proceed to Step 4.  *See* 20 C.F.R. §§ 404.1520(d), 416.920(d).

> 4. If the claimant retains the residual functional capacity to perform past relevant work, a finding of not disabled is directed.  Otherwise proceed to Step 5.  *See* 20 C.F.R. §§ 404.1520(f), 416.920(f).

> 5. The Commissioner will determine whether, given the claimant's residual functional capacity, age, education, and past work experience in conjunction with criteria listed in Appendix 2, she is or is not disabled.  *See* 20 C.F.R. §§ 404.1520(g), 416.920(g).

B.      Plaintiff's Testimony

At the March 31, 2021 administrative hearing, Plaintiff testified concerning the relevant period.[3]  R. 1686-93.  A number of health problems prevented him from working:  diabetes, high blood pressure, gout, a hip replacement, neuropathy, poor vision, asthma, COPD, anxiety and depression.  R. 1687, 1690-91.  Post hip replacement surgery, Plaintiff's  mobility remained poor, because he had to rely on his other hip.  *Id.*  Gout caused Plaintiff to drop objects, including silverware, which resulted in him spilling food and beverages on himself.  R. 1692-93.  Plaintiff's anxiety caused chest pain, cold sweats, dizziness and headaches; many of his emergency room trips during the relevant period resulted from chest pain, which he believed could be heart attacks. R. 1688-89, 1691.  Plaintiff's depression caused him to feel worthless and to isolate himself, even from his family members.  R. 1690, 1693.

Plaintiff testified that many of the gaps in treatment and medication resulted from his lack of health insurance.  R. 1689-90.  Some of his emergency room visits resulted from his lack of health insurance.  R. 1689.

During the relevant time period, Plaintiff spent most of his day sitting on the couch, with his feet elevated; after sitting for ten to fifteen minutes, he needed to rotate onto his side.  R. 1687, 1692.  While watching television, Plaintiff would lose focus and become preoccupied with his health problems.  R. 1691.  Plaintiff required assistance to shower and dress; he performed no household chores.  R.1693.  He last attended church in 2014 and had not driven a car since 2014. R. 1692.

---

[3] At the most recent administrative hearing, Plaintiff provided no testimony concerning the relevant period; he only confirmed his birthdate and education level.  R. 2457-58.  Hence, this court focuses on the testimony he provided concerning the closed period at issue.

3

C.     Vocational Testimony

The VE was asked to consider an individual having Plaintiff's age, education, work experience, and ability to perform sedentary[4] work, with ability to stand and walk for three hours in an eight-hour workday; needing to alternate sitting for ten minutes, each hour of standing or walking; needing to alternate standing for five minutes, each hour of sitting; able to push and pull as much as he can lift and carry; able to operate foot controls on the right side frequently and left side occasionally; able to operate hand controls frequently; never able climb ladders, ropes or scaffolds; able to occasionally climb ramps and stairs; occasionally able to kneel, crouch, crawl, stoop and balance; needing to avoid unprotected heights; frequently able to operate a motor vehicle; able to tolerate occasional, concentrated exposure to humidity, wetness and extreme cold; able to tolerate occasional, moderate exposure to dust, odors, fumes and pulmonary irritants; able to understand, remember and carry out simple instructions; able to exercise judgment for simple, work-related decisions; able to frequently interact with supervisors and coworkers; able to occasionally interact with the public; and able to tolerate occasional changes in the work setting. R. 2460.  The VE responded that this person could perform the following, unskilled[5] jobs:  (1) assembler, 25,000 positions in the national economy; (2) inspector, 12,000 positions in the national economy; and (3) office clerical worker, 180,000 positions in the national economy.  R. 2461.  The VE stated that his testimony concerned the jobs as they were currently performed.  R. 2462.

The VE clarified that the hypothetical's limitation to "simple tasks" precluded any jobs that have detailed oral or written instructions.  R. 2462.  He opined that employers would only

---

[4] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools.  Although a sedentary job is defined as one which involves sitting, a certain amount of walking or standing is often necessary in carrying out job duties."  20 C.F.R. §§ 404.1567(a), 416.957(a).

[5] "Unskilled work is work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time.  The job may or may not require considerable strength . . . [a] person does not gain work skills by doing unskilled jobs."  20 C.F.R. §§ 404.1568(a), 416.968(a).

tolerate an employee being off-task 15% of the time and would tolerate no more than one absence per month.  R. 2462-63.

### III.    THE ALJ's FINDINGS

In his decision, the ALJ issued the following findings:

1.    [Plaintiff] meets the insured status requirements of the Social Security Act through December 31, 2019.

2.    [Plaintiff] has not engaged in substantial gainful activity since June 2, 2014, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

3.    [Plaintiff] has the following severe impairments:  advanced osteoarthritic (OA) change of the left hip, status post left hip arthroplasty in September 2015; diabetes mellitus; diabetic neuropathy; chronic obstructive pulmonary disease (COPD); gout; heel spurs; obesity; and a depressive disorder or major depressive disorder (MDD) (20 CFR 404.1520(c) and 416.920(c)).

4.     [Plaintiff] does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5.    After careful consideration of the entire record, I find that [Plaintiff] has the residual functional capacity to perform sedentary  work as defined in 20 CFR 404.1567(a) and 416.967(a) except he: can stand and/or walk for 3 hours combined, and can alternate to sitting for 10 minutes during every hour of standing and/or walking while remaining on task; can alternate to standing for 5 minutes during every hour of sitting, while remaining on task; can push/pull as much as he can lift/carry; can operate foot controls with the right foot frequently, and with the left foot occasionally; can operate hand controls frequently; he can never climb ladders, ropes, or scaffolds; can occasionally ramps or stairs, kneel, crouch, crawl, stoop, and balance; can never work at unprotected heights; is capable of operating a motor vehicle frequently; can tolerate occasional concentrated exposure to humidity, wetness, and extreme cold occasionally; can tolerate occasional, moderate exposure to dust, odors, fumes

5

and pulmonary irritants; can understand, remember, and carry out simple instructions; can use judgment to make simple work-related decisions; can frequently interact with supervisors and coworkers; can occasionally interact with the public; and can tolerate occasional changes in a routine work setting.

6.      [Plaintiff] has no past relevant work (20 CFR 404.1565 and 416.965).

7.      [Plaintiff] was born on March 12, 1969, and was 45 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8.      [Plaintiff] has a limited education (20 CFR 404.1564 and 416.964).

9.      Transferability of job skills is not an issue because [Plaintiff] does not have past relevant work (20 CFR 404.1568 and 416.968.

10.     Considering [Plaintiff's] age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform (20 CFR 404.1569, 404.1569a, 416.969, 416.969a).

11.     [Plaintiff] has not been under a disability, as defined in the Social Security Act, from June 2, 2014, through the date of this decision (20 CFR 404.1520(g), 416.520(g)).

R. 2425, 2427-28, 2431, 2439-40.

## IV.    DISCUSSION

A.    Standard of Review

Judicial review of the Commissioner's final decision is as follows. The Commissioner's findings of fact will not be disturbed if they are supported by substantial evidence. *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 91 (3d Cir. 2007); *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999). Substantial evidence is not "a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to

6

support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation omitted). While it is more than a mere scintilla of evidence, *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019), it may amount to less than an evidentiary preponderance. *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001); *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988). Overall, this test is deferential to the ALJ, and the court should affirm the ALJ's findings of fact that are supported by substantial evidence, even when the court, acting *de novo,* might have reached a different conclusion. *Monsour Medical Center v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986), *cert. denied*, 482 U.S. 905 (1987). Indeed, the court is not permitted to weigh the record evidence itself. *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). By contrast, the Commissioner's legal conclusions are subject to *de novo* review. *Poulos*, 474 F.3d at 91; *Schaudeck*, 181 F.3d at 431.

B.      Burden of Proof in Disability Proceedings

To be found "disabled" under the Act, Plaintiff must carry the initial burden of demonstrating that he is unable to engage in "any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a). Plaintiff may establish a disability through: (1) medical evidence meeting one or more of the serious impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1; or (2) proof that the impairment is severe enough that Plaintiff cannot engage in any type of "substantial gainful work which exists in the national economy." *Heckler v. Campbell*, 461 U.S. 458, 460 (1983); 42 U.S.C. § 423(d)(2)(A).

Under the first method, Plaintiff is considered *per se* disabled by meeting one of the "listed" impairments. *Heckler*, 461 U.S. at 460. Under the second method, Plaintiff must initially demonstrate that a medically determinable impairment prevents him from returning to his past

7

employment.  *See Brown*, 845 F.2d at 1214.  If Plaintiff proves that his impairment results in functional limitations to performing his past relevant work, then the burden of proof shifts to the Commissioner to prove that work does in fact exist in the national economy which Plaintiff can perform given his age, education, work experience and residual functional capacity.  *See Hess v. Comm'r Soc. Sec.*, 931 F.3d 198, 201 (3d Cir. 2019); *Poulos,* 474 F.3d at 92.

C.      Review of the Administrative Law Judge's Decision

Applying the sequential evaluation process, the ALJ determined that, although Plaintiff had no past relevant work, he could perform other work and, hence, was not disabled.  R. 2422-40.  Plaintiff disputes the ALJ's decision, arguing that the ALJ:  (1) made contradictory and erroneous findings concerning the closed period of alleged disability under consideration; (2) failed to explain why he did not accept the exertional opinion of Dr. Jennifer Wilson that Plaintiff could only sit for a total of two hours in a workday, despite affording Dr. Wilson's opinions concerning Plaintiff's exertional limitations great weight; (3) erred concerning the reasoning level of the jobs the VE identified; and (4) failed to consider if there were discrete 12 month periods, during the closed period, in which Plaintiff could not sustain work.  Pl. Br. at 4-21.  He also contends that this court should award him benefits for the closed period at issue.  *Id.* at 21-24.  The Commissioner denies Plaintiff's arguments.  Resp. at 1-34.  In his Reply, Plaintiff takes the position that, if the court finds merit to any of his issues, it may remand without consideration of the other issues.  Reply at 3.  This court finds that Plaintiff's first and second arguments have merit. Furthermore, the court accepts Plaintiff's invitation to omit consideration of his other arguments.

1.  The ALJ Erred when Identifying the Relevant Period at Issue

Beyond cavil, the Commissioner has determined that Plaintiff is disabled, as of March 11, 2019.  The ALJ acknowledged as much in the first page of his decision.  R. 2422.  However, on

8

the very next page of the decision, the ALJ stated his conclusion that Plaintiff was not disabled from June 2, 2014, through the date of the decision.  R. 2423.  Additionally, the final finding the ALJ rendered also stated that Plaintiff was not disabled from June 2, 2014 through the date of the decision.  R. 2440.

The ALJ inexplicably erred by twice stating that Plaintiff was not disabled from June 2, 2014 through the date of the February 19, 2025 decision, because the Commissioner has already found that Plaintiff is disabled, as of March 10, 2019, the day before his 50th birthday.  To ensure that the Commissioner has not and will not read the ALJ's obvious errors concerning the scope of his decision to terminate Plaintiff's disability benefits, the court's implementing order explicitly states that the Commissioner shall not terminate Plaintiff's disability benefits, based on the clear errors in the ALJ's decision.

2.  The ALJ Erred by Failing to Include Dr. Wilson's Exertional Limitation that Plaintiff can only Stand and Walk for up to Two Hours in an Eight-Hour Workday

Plaintiff takes issue with the ALJ's use of the exertional limitations found by Disability Decision Services medical reviewer Dr. Wilson.  In the decision, the ALJ explicitly afforded great weight to Dr. Wilson's opinions concerning Plaintiff's exertional limitations.  R. 2436.  One of Dr. Wilson's opinions was that Plaintiff could stand and walk for a total of two hours in an eight-hour workday.  R. 92.  However, without explanation, the ALJ did not include the two hour limitation in his residual functional capacity ("RFC") assessment; instead, he found that Plaintiff could stand and walk for three hours in an eight-hour workday.  R. 2431.  Plaintiff argues that this constitutes reversible error.  Pl. Br. at 7-9.  This court agrees.

The ALJ explicitly stated that he was affording great weight to Dr. Wilson's opinion that Plaintiff could stand and walk for no more than two hours in an eight-hour workday.  R. 2436. Yet, the ALJ failed to include this limitation in his RFC assessment, or the hypothetical question

9

he posed to the VE. Instead, the ALJ assessed Plaintiff's RFC to allow for three hours of standing and walking, R. 2431, and included this higher limitation in the hypothetical question he posed to the VE. R. 2460. This discrepancy is inexplicable. If the ALJ ultimately rejected Dr. Wilson's two hour limitation, despite saying that he would accept it, he was required to explain why he was doing so. *See Mason v. Shalala*, 994 F.2d 1059, 1066 (3d Cir. 1993) (explaining that an ALJ cannot reject evidence for no reason or the wrong reason). The ALJ's error is significant, because sedentary work typically requires the ability to stand and walk for up to two hours in an eight-hour workday. *See* Social Security Ruling ("SSR") 83-10, 1983 WL 31251, *5. The ALJ asked the VE to consider a person who could perform more standing and walking than sedentary work typically requires. Hence, the VE necessarily identified nontypical sedentary jobs. There is no way for the court to know, if the ALJ had posed a hypothetical which required only two hours of standing and walking, along with the myriad other limitations the ALJ found, the VE would have identified the same jobs, other jobs, or no jobs. This case must be remanded so that ALJ can pose a hypothetical question that includes the limitation he accepted, *i.e.*, that Plaintiff can only perform up to two hours of standing and walking in an eight-hour workday.

An implementing and judgment orders follow.